**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RALPH SIMON, | : |
|  | : CIVIL ACTION NO. 04-5442 (MLC) |
| Plaintiff, | : |
|  | : **MEMORANDUM OPINION** |
| v. | : |
|  | : |
| PRAXAIR, et al., | : |
|  | : |
| Defendants. | : |

**COOPER, District Judge**

The plaintiff, Ralph Simon, originally brought this action on November 5, 2004.  (Dkt. entry no. 1, Compl.)  Six months later, the parties consented to an administrative termination of the case, with leave to reopen, so that the plaintiff could pursue an internal appeal process.  (Dkt. entry no. 19, 5-11-05 Consent Order.)  Counsel for the defendants, Praxair, Metropolitan Life Insurance Company ("MetLife"), and Praxair's Long Term Disability Plan (the "Plan") advised the Court on July 10, 2009, that administrative review of the plaintiff's claim had concluded, with benefits having been reinstated and the parties having entered into a consent order of dismissal with prejudice and without attorneys' fees or costs.  (Dkt. entry no. 20, 7-10-09 Letter.)  The Court entered the Consent Order of Dismissal on July 22, 2009.  (Dkt. entry no. 21, 7-22-09 Consent Order.)

The plaintiff now moves to vacate the Consent Order.  (Dkt. entry no. 22, Mot. to Vacate.)[1]  The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons stated herein, the Court will deny the motion to vacate the Consent Order.

## BACKGROUND

The plaintiff brought this action against his former employer, Praxair, as well as the Plan and MetLife, the Plan administrator, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  (Dkt. entry no. 9, Am. Compl.)  The plaintiff, asserting himself to be totally disabled, alleged that MetLife had wrongfully denied him long-term disability benefits in approximately October of 2000.  (Id. at ¶¶ 15-16.)  Praxair and MetLife answered the Amended Complaint.  (Dkt. entry no. 14, MetLife Answer; dkt. entry no. 15, Praxair Answer.)  The parties subsequently requested that the Court suspend the action so that the plaintiff could pursue MetLife's internal appeal process with regard to the denial of benefits.  (Dkt. entry no. 18, 5-9-05 Letter.)  The Court entered the proposed order, administratively terminating the action, on May 11, 2005.  (Dkt.

---

[1] Plaintiff's motion, though styled "Rule 60 Motion to Vacated [sic] July 10, 2009 Order Dismissing the Action," clearly pertains to the Consent Order signed by the Court on July 22, 2009.

entry no. 19.)  After the parties conducted the internal appeal process, they advised the Court that benefits had been reinstated and they had entered into a consent order of dismissal with prejudice.

The plaintiff now moves to vacate the Consent Order entered by the Court on July 22, 2009, and seeks reinstatement of the action.  (Mot. to Vacate.)  He claims that the Consent Order was based on an understanding that MetLife would pay him $271,279.30, but MetLife has only paid him $57,910.86 in benefits.  (Id., Pl. Br. at 1.)  The plaintiff contends that the discrepancy constitutes fraud in the inducement to get the plaintiff to consent to dismissal.  (Id. at 2.)  Defendant MetLife opposes the plaintiff's motion to vacate on the grounds that "back benefits and further benefits are being paid to Mr. Simon in accordance with the terms of the Praxair Long Term Disability Plan," as contemplated by the Consent Order.  (Dkt. entry no. 23, Def. Br. at 1.)

## DISCUSSION

### I.  Legal Standard for a Motion for Relief under Rule 60(b)

Rule 60(b) provides relief from final judgments and orders under certain circumstances.  Fed.R.Civ.P. 60(b).  The Court may, in its discretion, provide relief from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable

>   diligence, could not have been discovered in time to move for
>   a new trial under rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic),
>   misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged;
>   it is based on an earlier judgment that has been reversed or
>   vacated; or applying it prospectively is not longer
>   equitable; or
>   (6) any other reason that justifies relief.

Id. The movant carries a heavy burden in seeking relief under this rule. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

The plaintiff suggests that his Motion to Vacate relies on "newly discovered evidence" pursuant to Rule 60(b)(2), or fraud pursuant to Rule 60(b)(3). (Pl. Br. at 2.)

A plaintiff seeking relief under Rule 60(b)(2) must show that the "newly discovered evidence" is "(1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial." Bohus, 950 F.2d at 930 (emphasis in original) (citations omitted). To prevail under this subsection, a moving party must show that he "was excusably ignorant" of the newly discovered evidence. Howmedica Osteonics Corp. v. Zimmer, Inc., No. 05-897, 2009 WL 2923077, at *2 (D.N.J. Sept. 9, 2009).

To prevail under Rule 60(b)(3), a party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly

presenting his case."  Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983).

## II. Application of the Legal Standard to the Plaintiff's Motion

The plaintiff's argument that MetLife committed fraud in the inducement of the Consent Order states in its entirety:

> Movant Ralf [sic] Simon submits Metlife's promise and representation that it would pay all Plan benefits withheld since October 2000 in exchange that Simon's [sic] agree to dismiss the action was deceitful, intentional and done to induced [sic] the plaintiff to consent to ending the litigation; thus it was fraud. Simon's [sic] in reliance of Metlife's representations suffered damages in excess of $213,368.44.

(Pl. Br. at 2.)  Plaintiff provides no support for his suggestion that newly discovered evidence exists.  (Id.)

MetLife contends that in reinstating the plaintiff's long term disability benefits, MetLife "reduced the back benefits paid to Mr. Simon by the Social Security Disability Insurance ("SSDI") and pension payments he received."  (Def. Br. at 3.)  MetLife contends that the reductions were made pursuant to the terms of the Plan itself and a Reimbursement Agreement signed by the plaintiff.  (Id. at 2, 4; dkt. entry no. 23, Knepper Cert., Ex. A, Praxair Long Term Disability Plan:  Summary Plan Description ("Plan Description"); Ex. B, Reimbursement Agreement for Long Term Disability Plan ("Reimbursement Agreement").)  The Plan Description states in a section titled "Benefits Payable":

> Monthly Long Term Disability benefits equal 50%, 60%, or 70% of Covered Pay, depending upon the option you

>      choose up to a maximum of $10,000 per month.  These
>      benefits are reduced by the following:
>
>      •      Any income you are eligible to receive from the
>             Social Security program of any country (including
>             old age benefits and disability benefits payable
>             to you or any family member as a result of your
>             disability);
>      •      Retirement or disability benefits attributable to
>             service with a participating business unit or
>             subsidiary of Praxair;
>      •      Workers' Compensation; or
>      •      Statutory Disability benefits (including
>             disability and retirement benefits).
>
>      Your Long Term Disability benefits will be reduced by
>      the above benefits for which you are eligible whether
>      or not you apply for or elect to receive them.

(Plan Description at 2.)

The Court finds no basis for vacating the Consent Order under either Rule 60(b)(2) or Rule 60(b)(3).  The plaintiff has not presented any "newly discovered evidence."  The Reimbursement Agreement signed by the plaintiff on July 15, 2000, shows that he had notice that long term disability benefits would be reduced by Social Security and pension payments.  Thus, the plaintiff cannot contend that he was "excusably ignorant" of the fact that benefits would be reduced by certain other income sources.  Howmedica Osteonics Corp., 2009 WL 2923077 at *2.  The Court also finds no evidence of "fraud" in MetLife's payment calculations in light of the terms set forth in the Plan Description and Reimbursement Agreement.  (See Knapper Cert., Ex. E.)  The plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b).

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny the motion.  The Court will issue an appropriate order.


                                    s/Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge


Dated:    February 5, 2010